**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM C. KERCHEVAL; NANCY M.
KERCHEVAL,
Plaintiffs-Appellants,

No. 97-2734

v.

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-97-968-CCB)

Argued: October 30, 1998

Decided: January 26, 1999

Before MURNAGHAN, HAMILTON, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Edward Lee Blanton, Jr., Baltimore, Maryland, for
Appellants. Kenneth W. Rosenberg, Tax Division, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee. **ON
BRIEF:** Loretta C. Argrett, Assistant Attorney General, Lynne A.
Battaglia, United States Attorney, Richard Farber, Tax Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant William C. Kercheval transferred from the Maryland Retirement System to the Maryland Pension System and, upon retirement, deposited the bulk of the refund he received as a result of the transfer into an individual retirement account. On advice from the Maryland Retirement System, Kercheval believed the "rollover" into an individual retirement account would be tax-free. Subsequently, however, the federal Internal Revenue Service ruled otherwise and entered into an arrangement with the State of Maryland that, in part, relieved employees like Kercheval of the unfavorable tax consequences. Pursuant to the arrangement, Kercheval entered into a closing agreement with the Internal Revenue Service that he now claims contained a misrepresentation of material fact. Kercheval filed the instant suit on April 2, 1997, and the District Court for the District of Maryland granted the Government's Motion for Summary Judgment on November 18, 1997. We affirm the district court's ruling.

I.

Kercheval began teaching in the Washington County Public Schools on September 1, 1956, at which time he enrolled in the Teachers' Retirement System of the State of Maryland ("Maryland Retirement System"). In November 1989, on advice from the Maryland Retirement System, Kercheval transferred from the Retirement System to the state's new Pension System, believing that the interest portion of his transfer refund could be rolled-over, tax-free, to an individual retirement account ("IRA"). The Internal Revenue Service ("IRS") and the State of Maryland ("State") subsequently advised Kercheval that the information previously given to him by the State was incorrect and the distribution he received was not eligible for tax-free rollover.

2

In order to mitigate the otherwise exorbitant tax consequences, Kercheval agreed to close his individual retirement account, enter into a closing agreement with the IRS and State, and pay a $500 administrative fee to the Retirement System and limited taxes, interest, and penalties to the IRS. The closing agreement contained a clause that stated that the "distribution did not meet the definition of either a partial distribution or lump-sum distribution within the definition of the Internal Revenue Code Section 402(a), [and] thus did not qualify for `rollover' treatment."

On April 15, 1994, Kercheval filed a claim with the IRS for a refund of $71,830, which he believes he is due since his distribution arguably qualified for more favorable tax treatment. The claim for a refund was disallowed by the IRS, and Kercheval filed the present tax refund suit. The District Court for the District of Maryland granted the Government's Motion for Summary Judgment, from which Kercheval now appeals.

II.

The standard of review for a summary judgment motion is de novo. The Court of Appeals must apply the same legal standards as the district court and view the facts and inferences in the light most favorable to the nonmoving party. See Evans v. Technologies Applications & Service Co., 80 F.3d 954, 958 (4th Cir. 1996). With this standard in mind, we evaluate the merits of Appellant's claim.

Kercheval maintains that the clause in the closing agreement which indicated that the distribution did not qualify for rollover treatment constitutes a misrepresentation of material fact, in violation of 26 U.S.C. § 7121.[1] Section 7121(a) of the Internal Revenue Code authorizes the Secretary of the Treasury to enter into closing agreements relating to the liability of taxpayers. 26 U.S.C.§ 7121(a) (1986). Section 7121(b) further provides as follows:

_____

[1] Appellant Kercheval also alleges that the clause in question violates the terms of the closing agreement which, like 26 U.S.C. § 7121(b), provides that the agreement is final and conclusive, except "in the event of fraud, malfeasance, or misrepresentation of material fact."

(b) \*\*\* such agreement shall be final and conclusive, and, except upon a showing of fraud or malfeasance, or misrepresentation of a material fact --

(1) the case shall not be reopened as to the matters agreed upon or the agreement modified by any officer, employee, or agent of the United States and

(2) in any suit, action, or proceeding, such agreement, or any determination, assessment, collection, payment, abatement, refund, or credit paid in accordance therewith, shall not be annulled, modified, set aside, or disregarded.

26 U.S.C. § 7121(b). In order for an agreement to be set aside by reason of misrepresentation under § 7121(b),"there must be a misrepresentation of a material fact that goes to the essence of the agreement." Miller v. Internal Revenue Service, 174 B.R. 791, 796 (B.A.P. 9th Cir. 1994), aff'd, 81 F.3d 169 (9th Cir. 1996)."`A mere mistake of fact or law, whether unilateral or mutual, no matter how material, is not a misrepresentation.'" Id. at 797; see also Aetna Life Insurance Co. v. Eaton, 43 F.2d 711, 714 (2nd Cir.) (noting that the identical provision in the Revenue Act of 1926 "excludes mistakes of fact, and a fortiori of law, as grounds for rescission"), cert. denied, 282 U.S. 887 (1930).

With this in mind, the district court granted the Government's summary judgment motion, determining that there was no misrepresentation of material fact. The court concluded:

> the IRS merely took a position on the legality of a tax-free rollover, and Mr. Kercheval, faced with the option of contesting that position or paying less than he would have had to pay should the IRS turn out to be correct, chose instead to enter into the closing agreement and mitigate his losses. However unfortunate that decision might have been financially ..., it cannot have been in reasonable reliance on a misrepresentation of fact.

We must agree with the district court's determination. At the time the agreement was executed, no federal district or appellate court had

ruled on the taxability of a transfer refund that had been rolled over into an IRA. The clause in the closing agreement was a reasonable interpretation of the relevant provisions of the Internal Revenue Code as the law then existed, as evidenced by the fact that the U.S. Tax Court subsequently endorsed the IRS' view. See, e.g., Ross v. Commissioner, 1995 WL 750120 (U.S. Tax. Ct. 1995) (holding that a transfer refund did not qualify for tax-free, rollover treatment under § 402(a)(5) because it did not constitute a qualified total distribution); Wittstadt v. Commissioner, 1995 WL 599229 (U.S. Tax Ct. 1995) (concluding that a transfer refund was not eligible for tax-free, rollover treatment under § 402(a)(5) as a partial distribution); Dorsey v. Commissioner, 1995 WL 98544 (U.S. Tax Ct. 1995) (concluding that a transfer refund was not eligible for tax-free, rollover treatment under § 402(a)(5) as either a qualified total distribution or a partial distribution), appeal dismissed, 91 F.3d 129 (4th Cir. 1996); Brown v. Commissioner, 1995 WL 89757 (U.S. Tax Ct. 1995) (concluding that a transfer refund was not eligible for tax-free, rollover treatment under § 402(a)(5) as either a qualified total distribution or a partial distribution), reversed, 97 F.3d 1446 (4th Cir. 1996).

An error of the sort at issue in the present case is not a misrepresentation, as contemplated under § 7121(b). In Aetna Life Insurance Co. v. Eaton, 43 F.2d 711, a taxpayer entered into a closing agreement that required the payment of tax under a statutory provision that the Supreme Court later determined was unconstitutional. 43 F.2d at 713-714. Despite the provision's unconstitutionality, the Second Circuit held that, although the agreement rested on an "erroneous assumption," it was binding. The court observed that§ 1106(b) of the Revenue Act of 1926 (now § 7121 of the Internal Revenue Code)[2]

_____

[2] Section 7121(b) directly descends from § 1106(b), as evidenced by the following sequence of legislative enactments. Section 7121(b) derives from § 3760(b) of the Internal Revenue Code. See S. Rep. accompanying H.R. 8300 (no report number indicated) (noting that § 7121 is unchanged from then existing law, which was embodied in § 3760), reprinted in 1954 U.S.C.C.A.N. 5250. Section 3760(b) derived from § 606(b) of the Code, which contained identical statutory language. See 53 U.S. Statutes At Large, app., pt. I, table A, at xxxv (1939). Section 606(b) replaced § 1106(b) of the Revenue Act. See 852 I.R.C. § 606(c) (repealing § 1106(b)), reprinted in 45 U.S. Statutes At Large, at 874 (1928).

5

"excludes mistakes of fact, and a fortiori of law, as grounds for rescission." 43 F.2d at 713-714; see also Hering v. Tait, 65 F.2d 703, 706 (4th Cir. 1933) (discussing Aetna Life Insurance Co. as support for its finding that taxpayer could not avoid the effect of a closing agreement).

Similarly, the "erroneous assumption" contained in the agreement between Kercheval and the IRS is binding. The clause stating that the distribution was not eligible for tax-free rollover into an IRA was a mistake of law, supported even by rulings of the U.S. Tax Court. Section 7121 is not intended to cure such mistakes. As the district court appropriately noted, "[c]losing agreements serve to finalize matters where the law may not be crystal clear. To allow a taxpayer who avails him or herself of this option to reopen the matter simply because the Service's legal position later turns out to be erroneous would vitiate the statute."

Furthermore, the IRS is under no duty to provide taxpayers with legal advice, and Kercheval, who was represented by counsel, was not obligated to accept the IRS' position. He could have litigated the matter, as did the taxpayers in a subsequent case, Adler v. Commissioner, 86 F.3d 378 (4th Cir. 1996), where we held that the IRS' position with respect to transfer refunds was erroneous. 86 F.3d 378. Having opted not to pursue this route and instead execute the agreement, Kercheval cannot now undo a deal that was intended to be a final settlement.

Since there was no misrepresentation of material fact, and there is no evidence of fraud or malfeasance, Kercheval is obligated to abide by the terms of his agreement with the IRS. We, therefore, affirm the district court's grant of summary judgment.

AFFIRMED

6